UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE PAVLIK, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-885-APG-PAL<br><br>**ORDER TRANSFERRING VENUE**<br><br>(Dkt. #12) |

　　　Plaintiff Theodore Pavlik was a flight attendant for defendant United Airlines, based out of Los Angeles International Airport. He alleges United wrongfully terminated him, thus giving rise to this lawsuit. United has moved under 28 U.S.C. § 1404(a) to transfer this lawsuit to the Central District of California because that is where the underlying events occurred, that is where most of the witnesses live and work, and that is where all or most of the relevant evidence is. (Dkt. #12 at 3-4.)

　　　"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). This lawsuit could have been brought in the Central District of California because that is where "a substantial part of the events or omissions giving rise to the claim occurred," and United admits it is subject to the personal jurisdiction of that court. 28 U.S.C. § 1391(b) and (c); Dkt. #12 at 5.

　　　In deciding whether to transfer a case, courts consider both the "private interest" and "public interest."

> The private interest factors to be weighed . . . are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy expeditious, and inexpensive.

*Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009) (citation omitted). Here, most (if not all) of the witnesses reside in California, more than 100 miles from Nevada. (Dkt. #12 at 5-6.) Thus, they cannot be compelled to come to Nevada to testify at deposition or trial. Fed.R.Civ.P. 45(c). Even if they voluntarily came to Nevada to testify, they would incur travel and lodging costs that would not be necessary if they testified in California. Further, Pavlik has not rebutted United's assertion that all of the relevant evidence and documents are located in California. Thus, most of these "private interest" factors favor transfer of this case to the Central District of California.

"[T]he five public interest factors [the court must consider are] '(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum.'" *Boston Telecomms.*, 588 F.3d at 1211. While Nevada may have some interest in lawsuits brought by Nevada citizens, California may have a similar interest in lawsuits filed against its citizens. There is nothing about the facts or legal issues underlying this lawsuit that make it unique or of special interest to Nevada. Moreover, both courts are familiar with the applicable federal laws. If Pavlik's sole Nevada-law claim (asserting intentional infliction of emotional distress) is not dismissed, a federal judge in California can easily grasp the relevant Nevada law. Likely, the Central District of California is as busy and congested as this district. Finally, given the location of the witnesses and evidence, the costs of discovery and trial likely will be less in California than here in Nevada.

Balancing the above factors, it will be more efficient and effective to litigate this case in the Central District of California. The convenience of witnesses and the interests of justice favor transferring the case there.

IT IS THEREFORE ORDERED that defendant's motion **(Dkt. #12) is GRANTED**, and this case is transferred to the Central District of California.

DATED THIS 13th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE